J. W. WAMMACK, Plaintiff,

v.

CITY OF BATESVILLE, Cliff Foster, Chief of Police; and Mark Linder, Earl Hodges, Paul Strecker and Lawrence Williams, Members of the Batesville Civil Service Commission, Defendants.

No. B-C-80-43.

United States District Court, E. D. Arkansas, N. D.

Sept. 11, 1981.

Blair Arnold, Batesville, Ark., Bill Bristow, Jonesboro, Ark., for plaintiff.

Donnie McSpadden, Batesville, Ark., Phillip B. Farris, Highsmith, Gregg, Hart & Farris, Batesville, Ark., for defendants.

## MEMORANDUM OPINION

HOWARD, District Judge.

The issue confronting the Court, as a consequence of defendants' motion to dismiss or, in the alternative, stay proceedings, is whether the Court should decline to exercise jurisdiction of this action under the "doctrine of abstention."

The plaintiff has alleged that he was discharged from the Batesville Police Department by the Chief of Police on August 20, 1980, for merely exercising First Amendment rights—engaging in personal communication with the Mayor and a councilman of the City of Batesville on August 9, 1980, regarding certain internal matters involving the police department; and also for instructing one, Vickie Bailey, to contact Councilman Ed Williams to discuss police matters. Plaintiff further contends

that the following charges, which are asserted as the grounds for his termination, are vague, overbroad and, consequently, contravene due process of law as secured to him under the Fourteenth Amendment to the United States Constitution:

*Charge Number 3.* Meeting with Mayor about police business. This is in violation of Code of Conduct Section 2.15.

*2.15.* Any officer who, by any act or conduct, attempts to violate or conspires with any person to violate the Code of Conduct, general orders or policies of the department shall be subject to the same discipline as though the actual violations had been accomplished.

*Charge Number 4.* Meeting with city councilmen about police business. This is in violation of Code of Conduct Section 2.15.

*2.15.* Any officer who, by any act or conduct, attempts to violate or conspires with any person to violate the Code of Conduct, general orders or policies of the department shall be subject to the same discipline as though the actual violations had been accomplished.

Following his termination, plaintiff immediately petitioned the Batesville Civil Service Commission (Commission) for relief; and on September 8, 1980, the Commission, after conducting a hearing, sustained the action of the Chief of Police in terminating plaintiff.

On October 2, 1980, plaintiff appealed the Commission's decision to the Circuit Court of Independence County.[1]

On October 29, 1980, plaintiff instituted the instant action in this Court which alleges essentially the same allegations contained in his state court complaint and seeks the same relief. The state court proceeding is scheduled for trial in September, 1981.

The plaintiff seeks the following relief: (a) an injunction directing defendants to reinstate him to his former position as patrolman, (b) that he be restored to all the rights to which he is entitled to, including back pay and reasonable attorney's fees, (c) damages for the loss of his good name, mental suffering, aggregating a total sum of $100,000.00 and (d) a declaratory judgment declaring the rules, regulations and the Code of Conduct adopted by the City of Batesville for its police officers are illegal and unconstitutional.

The rules and regulations of the Batesville Police Department, by statutory definition, have the "same force and effect of law." Ark.Stat.Ann. § 19–1603 (Repl. 1980); *Civil Service Commission v. McDougal,* 198 Ark. 388, 129 S.W.2d 589 (1939). However, the Arkansas Supreme Court has held that in order for regulations to receive the recognition as "force of law", the regulations must come within the purview of the enabling legislation and within the expressed purpose of the statute and must not be inconsistent "with existing laws." *Civil Service Commission v. McDougal,* supra.

The parties here concede that the regulations of the Batesville Police Department have not been construed by the Arkansas courts. The thrust of the charges against plaintiff assert that plaintiff violated § 2:15 of the regulations which precludes "any officer who, by any act or conduct, attempts to violate or conspires with any person to violate the Code of Conduct, general orders or policies of the department shall be subject to the same discipline as though the actual violation had been accomplished."

---

1. Ark.Stat.Ann. § 19–1605.1 (Repl. 1980) provides, in relevant part:

....

A right of appeal by the City or employee is hereby given from any decision of the Commission to the Circuit Court within whose jurisdiction the Commission is situated.... The Circuit Court shall review the Commission's decision on the record and may in addition hear testimony or allow the introduction of any further evidence upon the request of either the City or the employee.... A right of appeal is also given from any action from the Circuit Court to the Supreme Court of the State of Arkansas....

In the event that it is finally determined that there was a wrongful suspension, reduction in rank or discharge of any Civil Service employee, such employee shall be entitled to judgment against the city for whatever loss he may have sustained by reason of his suspension, discharge or demotion....

The controlling question here is whether the purported action of the plaintiff to discuss departmental matters with the Mayor and a councilman comes within the prohibition of § 2:15. Moreover, and perhaps even more controlling, is the question whether § 2:15, given the facts and circumstances of this case, is inconsistent "with the existing laws" and, consequently, does not command the "force of law."

Article 2, § 6 of the Arkansas Constitution provides.

"The free communication of thoughts and opinions is one of the invaluable rights of man; and all persons may freely write and publish their sentiments on all subjects, being responsible for the abuse of such rights...."

■ Whether § 2:15 conflicts with Article 2, § 6 has not been considered by the state courts. Furthermore, whether plaintiff's discussion and his effort to encourage other citizens to communicate with the Mayor regarding public interest affairs may be deemed a conspiracy[2] is a question of great vital concern to the State of Arkansas. A decision, whether sanctioning plaintiff's dismissal or rejecting it, would affect policies governing the conduct of policemen throughout the State of Arkansas. It is plain that the exercise of this Court's jurisdiction here would not only disrupt an ongoing state court proceeding, in which the state tribunal has been urged to vindicate plaintiff's First Amendment rights, but the potential of creating needless friction between the federal and the state judiciaries is readily apparent. *See: Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

■ The abstention doctrine was first enunciated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) in which the Supreme Court emphasized in certain federal constitutional challenges of state statutes, a federal district court should exercise its discretion to stay proceedings pending an authoritative interpretation of the challenged measure by the courts of the enacting state. It is settled that the decision to abstain will not be overturned on appellate review unless the district court's action constitutes an abuse of its discretion. *Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); *George v. Parratt*, 602 F.2d 818 (8th Cir. 1979).

In *George*, the Court of Appeals for the Eighth Circuit emphasized that a district court should consider the following factors in exercising its discretion to abstain or not to abstain:

1. What effect will abstention have on the rights sought to be vindicated.

2. Whether there are existing available state remedies.

3. Whether the challenged state law is clear.

4. Whether the challenged state law is fairly susceptible of an interpretation that would avoid any federal constitutional issue.

5. Whether abstention will avoid unnecessary federal interference in state operations.

■ After carefully reviewing the record, the Court is persuaded that it should abstain, by dismissing plaintiff's action without prejudice, since it is plain that the exercise of jurisdiction in the instant matter would (a) unnecessarily interfere in the operations of an ongoing state court proceeding involving matters of vital interest to the state of Arkansas, and (b) applicable statutory provisions have not been previously construed authoritatively by the Arkansas courts which are fairly susceptible of an interpretation that would avoid any federal constitutional issue. Accordingly, plain-

---

**2.** The Arkansas Supreme Court has defined a conspiracy as:

A combination between two or more persons who, by their joint efforts, seek to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by un-

lawful means. *See: Venable v. State*, 156 Ark. 564, 246 S.W. 860 (1923); *Powell v. State*, 133 Ark. 477, 203 S.W. 25 (1918); *Chapline v. State*, 77 Ark. 444, 95 S.W. 477 (1906).

tiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.